IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| PETER D. WEINSTEIN<br>　　*Plaintiff,* | §<br>§<br>§ |
| v. | § CIVIL ACTION NO. 1:23-cv-01534<br>§ |
| JENNIFER S. MADISON AND DOES 1 – 10<br>　　*Defendants.* | § JURY TRIAL DEMANDED<br>§<br>§ |

**COMPLAINT FOR LIBEL AND DEFAMATION**

Plaintiff Peter D. Weinstein, Ph.D., J.D. ("Dr. Weinstein" or "Plaintiff") asserts claims against Defendant Jennifer S. Madison. ("Defendant") for Defamation and Libel, and seeks a permanent injunction, damages, and attorney's fees and costs, and such other relief as the Court deems just and proper.

PARTIES

1. Plaintiff Peter D. Weinstein, Ph.D., J.D. is an individual and resident of the State of Texas with domicile in Georgetown, Texas.

2. Defendant Jennifer S. Madison is an individual and resident of the State of Arizona with an address of 33101 S. Canyon Rd., Black Canyon City, AZ 85324, who conducts significant business in the Western District of Texas in her interactions with Dr. Weinstein and third parties.

JURJSDICTION AND VENUE

3. The Court has original subject matter jurisdiction over citizens of different states pursuant to 28 U.S.C. §1332. The Court has supplemental jurisdiction over the Texas State law claims pursuant to 28 U.S.C. § 1367(a) because those claims are so closely related to the federal claims brought herein as to form part of the same case or controversy.

4. The Court has personal jurisdiction over Defendant because, on information and belief, Defendant has deliberately directed activities to Texas through pages Defendant personally controls on social media (e.g. Facebook) where the Defendant has posted libelous and defamatory statements about Dr. Weinstein that are knowingly false and were made for the specific purpose of causing damage to Dr. Weinstein's reputation and business. (*See,* for example: https://www.facebook.com/groups/2261652610783124).

5. Through Defendant's social media postings on the internet, Defendant (i) purposefully mislead residents of Texas by posting false, libelous, and defamatory statements that Defendant allegedly made to other individuals with whom Dr. Weinstein interacts with in a professional manner through his work as legal counsel for the Association of Professional Ball

Players of America.

6. Upon information and belief, venue is proper in this district pursuant to 28 U.S.C. §§ 139l(b) & (c). Each Defendant is subject to personal jurisdiction in the State of Texas at the time this action commenced. Its contacts are substantial enough with the State of Texas to subject it to personal jurisdiction. Further, each Defendant committed acts within the district that give rise to this action.

## FACTS COMMON TO ALL CLAIMS

7. Plaintiff Dr. Weinstein is an attorney located in Georgetown, Texas who is the Managing Partner of Entralta PLLC. In his professional capacity, Dr. Weinstein represents the Association of Professional Baseball Players of America, also known as the APBPA. Dr. Weinstein does not represent, nor has he ever represented, the individual board members or executives of the APBPA. This includes Kameron Loe and Kevin Simmons, who are both board members and executives of the APBPA.

8. Defendant Jennifer S. Madison has a history of slandering, defaming, and libeling members, executives, and directors of the APBPA. Recently, Defendant has been on a campaign to particularly slander, defame and libel Kameron Loe and Kevin Simmons. Defendant has taken to social media, particularly, Facebook to make libelous and defamatory statements about both Kameron Loe and Kevin Simmons for the last few months. Lately, Defendant has begun to include Dr. Weinstein in her postings.

9. On Wednesday, December 13, 2023, Defendant made the following false, libelous, and defamatory posting on Facebook. (*See,* for example: https://www.facebook.com/groups/2261652610783124).

> "**Association of Professional Ball Players of America**
>
> Admin
> Top Contributor
> December 13 at 8:38 PM
>
> Quote from yet another, quickly growing pile of threatened APBPA Members, who called in for help tonight, telling the legal APBPA Board Member that, Peter Weinstein, who is Kameron

Loe's and Kevin Simmons' personal attorney, who is opportunistically being paid with embezzled APBPA assistance funds, that are being denied to the dozens of APBPA assistance families ongoing, where every minute counts for them, is now calling himself an "APBPA Board Member" too on Kam's illegal and illegitimate Board, despite not ever being employed by professional baseball, per the APBPA bylaws, or voted for by any legal APBPA Board Members.

This APBPA Member said that Peter, their personal lawyer, said to them, that if they didn't "shut their mouth," and go along with whatever Kameron is illegally doing, that ,"he would wipe the floor with me and go after my business licensing."

Omg stop. Who talks like that to people? Please stop threatening APBPA Members! You know you were not legally elected, and you have 0 legal votes for you. Not one legal Board Member voted for you and you know it. There's no other way to serve on the Board. It doesn't matter who you ask to vote for you now, after you self servingly just declared out of nowhere that you were the President. You know it does not work like that or are you that confused, Kameron? Do you not understand how nonprofit Board laws and bylaws work because it's seeming, more and more, like you do not understand facts, laws, bylaws, or reality. Do you think you can just declare, "you're the APBPA President," because you made knowingly false reports to have the APBPA swatted at assault rifle gunpoint, and you stole APBPA passwords that way? The APBPA Board was cleared of any wrongdoing and yet you refuse to return what you blatantly stole with violence and lies.

This insanity must stop now. No one running a benevolent nonprofit talks to people like this or threatens everyone. It's time to face all facts and the laws.

You were not elected. You are hurting so many families yet a few days ago you called it fun for you? Fun you say.

While you destroy the APBPA and its families because your own business failed and you now owe $200,000 to your prior landlord which is court ordered? Is that why you had the APBPA swatted on lies you made up a month after you were ordered to pay your landlord that $200,000 for your failed microcurrent business? Don't you get an MLB pension? Where's all your money going Kameron? What is going on with you to steal for the down and out in the Baseball Brotherhood and Family? So disgraceful!!! Stop it now!!!!"

10. While Dr. Weinstein represents the APBPA, he does not represent its members in an individual manner. This includes not representing Kameron Loe, President of the APBPA and Kevin Simmon, a Board member, in any legal matter. So, Defendant's statement that Dr. Weinstein represents either Kameron Loe or Kevin Simmons is false and untrue.

11. Next, Dr. Weinstein is handling legal matters for the APBPA as a *pro bono* client and has not been paid any money by the APBPA for his services. Thus, Defendant's statement that Dr. Weinstein is getting paid with "embezzled APBPA assistance funds" is false, libelous, and defamatory. This statement by Defendant clearly intimates that Dr. Weinstein is knowingly

receiving embezzled funds. This statement was made by Defendant in order to defame and libel Dr. Weinstein, his reputation, the reputation of the firm he works for and his ability to continue as a functioning lawyer. Defendant made the false, libelous, and defamatory statements with the intent to cause Dr. Weinstein harm by posting on a very public forum on Facebook that is viewed by professional baseball players and others who support the APBPA.

12. But it does not end there. Defendant then makes an even more outrageous claim by stating that Dr. Weinstein told members of the APBPA to "'shut their mouth,' and go along with whatever Kameron is illegally doing, that ,'he would wipe the floor with me and go after my business licensing.'" Dr. Weinstein never made such a statement and would never make such a statement. This false, defamatory, and libelous statement was made by Defendant with the sole purpose and intent to damage Dr. Weinstein's reputation and that of the firm he works for as well as interfering with his ability to continue to obtain business.

13. The remainder of the post contains more false, defamatory, and libelous statements that Defendant intended to cause harm to Dr. Weinstein's reputation and business.

14. The false, defamatory, and libelous statements were published in a public forum on a Facebook page that the Defendant personally controls. To make it impossible for Dr. Weinstein to defend himself against Defendant's tortious actions, Defendant has turned off all posting and comments on this Facebook page. This means that Defendant can post whatever Defendant wants, whether true or not, and no one can respond through a post or comment to Defendant's post. As a result, Dr. Weinstein cannot respond to Defendant's false, libelous, and defamatory statements on the Facebook page where the statements have been made. This intentional action by Defendant means that Dr. Weinstein cannot respond on the Facebook page where the false, defamatory, and libelous statements were made. The result is that anyone reading Defendant's controlled Facebook page with the false, defamatory, and libelous statements will not be able to learn of such falseness, defamation, and libel from Dr. Weinstein. It is clear that Defendant undertook turning off the ability to post and comment on the Facebook page she controls to cause maximum damage to Dr.

Weinstein's reputation and ability to conduct his legal practice.

15. Upon information and belief, Defendant has continued to maintain the post on Facebook that includes the false, defamatory, and libelous statements against Dr. Weinstein in an effort to intentionally cause harm to Dr. Weinstein's reputation and business. Upon information and belief, there is a high likelihood that if Defendant is not punished for her false, defamatory, and libelous statements against Dr. Weinstein and such actions are not ended immediately, Dr. Weinstein will suffer irreparable damage to his reputation and business.

## CLAIM ONE

### BREACH OF FEDERAL LIBEL COMMON LAW

16. Plaintiff Dr. Weinstein incorporates by reference the allegations set forth in the preceding paragraphs.

17. As described in this Complaint, Defendant has made statements through a posting on Facebook that constitute libel. The statements were made on a publicly available Facebook page that can be viewed by ball players and other third parties in the different states of the United States of America, as well as outside the United States. This is important as Dr. Weinstein's practice includes clients located outside the United States. The statements made by Defendant are untrue and constitute false statements of fact. The statements were not made and have never been made by Dr. Weinstein.

18. Defendant fabricated the statements to make those individuals in the different states of the United States of America and outside the United States viewing the Facebook page at https://www.facebook.com/groups/2261652610783124 believe that Dr. Weinstein was abusive, accepted embezzled money to pay for his legal services and threatened Defendant and her ability to conduct her business. Not one of those statements is true or were ever true and constitute libelous statements. In short, Dr. Weinstein never uttered the false and libelous statements made by Defendant in her post on Facebook.

19. As the statements made by Defendant on the Facebook page Defendant personally

controls were false and libelous, the statements were meant to harm Dr. Weinstein's reputation and will continue to harm Dr. Weinstein's reputation.

20. Defendant knows that the statements were not true. Defendant intentionally posted the false and libelous statements to cause harm to Dr. Weinstein. Dr. Weinstein never made the libelous statements and Defendant is well aware of that fact. Thus, Defendant knew or should have known of the falsity of the statements and that Defendant's actions were libelous by making false statements that have been viewed by other individuals on a public forum – Facebook.

21. Defendant's libelous activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damages to Plaintiff Dr. Weinstein, his business, his reputation, and goodwill because Dr. Weinstein has no adequate remedy at law. Dr. Weinstein also requests that this Court order Defendant to pay such damages that result from Defendant's libel, but in an amount not less than one million dollars ($1,000,000).

CLAIM TWO

BREACH OF TEXAS STATE LIBEL COMMON LAW

22. Plaintiff Dr. Weinstein incorporates by reference the allegations set forth in the preceding paragraphs.

23. As described in this Complaint, Defendant has made statements through a posting on Facebook that constitute libel. The statements were made on a publicly available Facebook page that can be viewed by ball players and others in the different states of the United States of America, as well as outside the United States. This is important as Dr. Weinstein's practice includes clients located outside the United States. The statements made by Defendant are untrue and constitute false statements of fact. The statements were not made and have never been made by Dr. Weinstein.

24. Defendant fabricated the statements to make those individuals in the different states of the United States of America viewing the Facebook page at https://www.facebook.com/groups/2261652610783124 believe that Dr. Weinstein was abusive, accepted embezzled money to pay for his legal services and threatened Defendant and her ability

to conduct her business. Not one of those statements are true or were ever true and constitute libelous statements. In short, Dr. Weinstein never uttered the false and libelous statements made by Defendant in her post on Facebook.

25. As the statements made by Defendant on the Facebook page Defendant personally controls were false and libelous, the statements were meant to harm Dr. Weinstein's reputation and will continue to harm Dr. Weinstein's reputation.

26. Defendant knows that the statements were not true. Defendant intentionally posted the false and libelous statements to cause harm to Dr. Weinstein. Dr. Weinstein never made the libelous statements and Defendant is well aware of that fact. Thus, Defendant knew or should have known of the falsity of the statements and that Defendant's actions were libelous by making false statements that have been viewed by other individuals on a public forum; Facebook.

27. Defendant's libelous activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damages to Plaintiff Dr. Weinstein, his business, his reputation, and goodwill because Dr. Weinstein has no adequate remedy at law. Dr. Weinstein also requests that this Court order Defendant to pay such damages that result from Defendant's libel, but in an amount not less than one million dollars ($1,000,000).

<u>CLAIM THREE</u>

BREACH OF TEXAS STATE DEFAMATION COMMON LAW

28. Plaintiff Dr. Weinstein incorporates by reference the allegations set forth in the preceding paragraphs.

29. As described in this Complaint, Defendant has made statements through a posting on Facebook that constitute libel. The statements were made on a publicly available Facebook page that can be viewed by ball players and others in the different states of the United States of America, as well as outside the United States. This is important as Dr. Weinstein's practice includes clients located outside the United States. The statements were made and published in a manner to make them publicly available. The Defendant made the false and defamatory statements in order to lead

those reading the published statements that they were true. The statements were not made and have never been made by Dr. Weinstein. The statements made by Defendant are untrue and constitute false statements of fact that are defamatory.

30. Defendant fabricated the statements to make those individuals in the different states of the United States of America viewing the Facebook page at https://www.facebook.com/groups/2261652610783124 believe that Dr. Weinstein was abusive, accepted embezzled money to pay for his legal services and threatened Defendant and her ability to conduct her business. These statements were made in order to publish or communicate the false and defamatory statement to a third person who views the Facebook page that is personally controlled by Defendant. As stated previously, not one of those statements are true or were ever true and constitute Defamatory statements.

31. As the statements made by Defendant on the Facebook page Defendant personally controls were false and libelous, the statements were meant to harm Dr. Weinstein's reputation and will continue to harm Dr. Weinstein's reputation. The statements were made negligently by Defendant with the purpose of defaming Dr. Weinstein and causing harm to Dr. Weinstein.

32. Defendant knows that the statements were not true. Defendant intentionally posted the false and defamatory statements to cause harm to Dr. Weinstein. Dr. Weinstein never made the defamatory statements and Defendant is well aware of that fact. Thus, Defendant knew or should have known of the falsity of the statements and that Defendant's actions were defamatory and negligent by making false statements that have been viewed by other individuals on a public forum; Facebook.

33. Defendant's defamatory activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damages to Plaintiff Dr. Weinstein, his business, his reputation, and the goodwill he has generated through his work over the years because Dr. Weinstein has no adequate remedy at law. Dr. Weinstein also requests that this Court order Defendant to pay such damages that result from Defendant's libel, but in an

amount not less than one million dollars ($1,000,000).

## INJUNCTIVE RELIEF

34. Plaintiff Dr. Weinstein seeks temporary and permanent injunctive relief pursuant to Texas common law and 15 U.S.C. §1116.

35. Dr. Weinstein has no adequate remedy at law or otherwise for the harm or damage done by Defendant because Dr. Weinstein's reputation and business will be irreparably damaged, and such damage is difficult if not impossible to quantify. Dr. Weinstein will suffer irreparable harm, damage, and injury unless the acts and conduct of Defendant complained of above are enjoined because Defendant's continued conduct is likely to cause further damage to Dr. Weinstein's reputation and business based on the false, libelous, and defamatory statements made by Defendant on the Facebook page she personally controls and does not allow anyone else to respond to Defendant's posts with a reply post or comment.

## JURY DEMAND

36. Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

Plaintiff prays that after due proceedings, the Court:

1. enter judgment against Defendant on all claims;

2. award damages against Defendant and in favor of Plaintiff in the amount of at least one million dollars ($1,000,000);

3. enter a temporary and permanent injunction restraining Defendant, and others acting in concert with Defendant, from posting false, defamatory, and libelous statements regarding or about Plaintiff Dr. Weinstein; and,

4. grant Plaintiff such other relief as the Court deems just and proper.

Respectfully submitted,

By: PETER D. WEINSTEIN
State Bar No. 24126484
peter.weinstein@entralta.com
ENTRALTA PLLC
4500 Williams Drive
Ste 212, PMB 511
Georgetown, Texas 78633
Telephone No.: (805) 444-7865
Facsimile No.: (805) 322-4469

GRAIGORY B. FANCHER
State Bar No.  24052016
gfancher@bwwlaw.com
BOURLAND, WALL & WENZEL, P.C.
301 Commerce Street, Suite 2500
Fort Worth, Texas 76102-4125
Telephone No.:  817-877-1088

Facsimile No.:  817-877 1636

    ATTORNEYS  FOR  PLAINTIFF
    PETER D. WEINSTEIN