UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **PETER D. WEINSTEIN,** *Plaintiff* § § § | |
| **v.** § | **Case No. 1:23-CV-01534-DAE** |
| **JENNIFER S. MADISON,** *Defendant* § § § § | |

### ORDER AND REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

**TO:   THE HONORABLE DAVID A. EZRA**
         **UNITED STATES DISTRICT JUDGE**

Before the Court are Defendant Jennifer Madison's Motion for Continuance, Motion to Compel, and Motion to Dismiss, filed August 30, 2024 (Dkt. 23); Defendant's Motion for Sanctions and Continuation of Proceedings to Be Represented by a Lawyer (Dkt. 25), filed September 9, 2024; and Plaintiff Peter D. Weinstein's Scheduling Recommendations, filed September 20, 2024 (Dkt. 28).[1]

On September 12, 2024, this Magistrate Judge ordered the parties, or counsel appearing on their behalf, to appear for a hearing by Zoom on October 7, 2024. Plaintiff appeared, but Madison, who is proceeding *pro se*, did not.

As stated during the hearing, the Court will enter a separate Scheduling Order to control this case.

---

[1] By Order entered August 12, 2024 (Dkt. 21) and Text Orders entered September 4, September 11, and September 23, 2024, the District Court referred the scheduling order and Defendant's motions to this Magistrate Judge for disposition and report and recommendation, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

1

## I.     Recommendation

Madison asks the Court to dismiss Weinstein's claims for libel and defamation "per the Brady Doctrine." Dkt. 23 at 1. The *Brady* evidentiary rule applies to prosecutors in criminal cases and is not a valid basis to dismiss this civil case. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). This Magistrate Judge **RECOMMENDS** that the District Court **DENY** Defendant's Motion to Dismiss (Dkt. 23).

## II.     Order

### A. Defendant's Motions to Continue

Madison seeks a 90-day continuance (Dkt. 23) and a "continuation of proceedings so [she] can be represented by a lawyer." Dkt. 25 at 1. Considering the deadlines in the Scheduling Order entered on this date, the Court finds that Madison has not shown good cause for a continuance. Her Motions for Continuance (Dkt. 23 and Dkt. 25) are **DENIED**.

### B. Defendant's Motion to Compel

Next, Madison asks the Court to compel discovery from Weinstein, alleging that he has not produced evidence she requested. Dkt. 23 at 11. Under Rule 26(b)(1), parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Generally, the scope of discovery is broad. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). "A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* (quoting *Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 820 (5th Cir. 2004)).

Madison submits an August 6, 2024 email seeking "discovery access" to social media accounts, but the email appears to pertain to a different case. *Id.* at 17. Otherwise, she asserts only

Weinstein's nonexistent *Brady* obligation. Because Madison does not show that Weinstein has failed to produce any evidence relevant to this case, her Motion to Compel (Dkt. 23) is **DENIED**.

## C. Defendant's Motion for Sanctions

Madison also asks the Court to impose sanctions "on the Plaintiff and his attorney" for allegedly failing to cooperate in the discovery process and harassing and intimidating witnesses. Dkt. 25 at 5. Because she offers no support for these allegations, Defendant's Motion for Sanctions (Dkt. 25) is **DENIED.**

## D. Admonitions to *Pro Se* Defendant

Finally, in the Order of Referral (Dkt. 21), the District Court explained that resources are available on the Western District of Texas website (https://www.txwd.uscourts.gov), including the Federal Rules of Civil Procedure and Local Court Rules (https://www.txwd.uscourts.gov/court-information/appellate-federal-and-local-court-rules/), as well as the Pro Se Manual (https://www.txwd.uscourts.gov/filing-without-an-attorney/pro-se-manual/) and FAQs For Pro Se Filers (https://www.txwd.uscourts.gov/filing-without-an-attorney/faqs-for-pro-se-filers/).

Madison is admonished that parties have a responsibility to cooperate in discovery, and that a litigant acting *pro se* "has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). And *pro se* litigants, like all other parties, must "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 485 (5th Cir. 2014) (citation omitted). The Court strongly encourages Madison to find counsel to represent her as soon as possible in lieu of proceeding *pro se* in this matter.

The Court **FURTHER ORDERS** the Clerk to remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable David A. Ezra.

### III.  Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on October 7, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

4