UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| PETER D. WEINSTEIN, *Plaintiff* § § § | |
| v. § | Case No. 1:23-CV-01534-DAE |
| § § § | |
| JENNIFER S. MADISON, *Defendant* § § | |

**ORDER AND REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE DAVID A. EZRA
      UNITED STATES DISTRICT JUDGE

Now before the Court are Defendant Jennifer Madison's Motion to Continue, Motion to Strike Complaint and Orders, Motion to Dismiss, and Motion for a Protective Order, filed October 23, 2024 (Dkt. 36); Defendant's Motion for 1 year Continuance and Motion for Dismissal with Prejudice, filed December 2, 2024 (Dkt. 39); Plaintiff Peter D. Weinstein's responses, filed November 4, 2024 (Dkt. 37) and December 9, 2024 (Dkt. 40); and Defendant's Notice of Filing, filed December 10, 2024 (Dkt. 41).[1] Weinstein brings claims for libel and defamation against Madison, who is proceeding *pro se*.

### I.   Defendant's Motions

Madison has filed many duplicative motions over the course of this case. Her first motion seeking a continuance and injunction, filed March 25, 2024 (Dkt. 14), was denied for lack of good cause and struck from the docket after she did not respond to Weinstein's motion to strike. Dkt. 18.

---

[1] By Text Orders entered October 29 and December 10, 2024, the District Court referred Defendant's motions to this Magistrate Judge for disposition and report and recommendation, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

1

Madison filed another motion to continue, compel, and dismiss on August 30, 2024 (Dkt. 23), and a third motion to continue and for sanctions on September 9, 2024 (Dkt. 25).

This Magistrate Judge ordered the parties to appear for a hearing by Zoom on October 7, 2024 to discuss scheduling deadlines, enter a scheduling order, and hear any arguments on Defendant's then-pending motions, but Madison did not appear or respond. Dkt. 26. The Court denied her non-dispositive motions and recommended that the District Court deny her motion to dismiss. Dkt. 31. Judge Ezra accepted the recommendation and denied Madison's motion to dismiss on October 25, 2024. Dkt. 35.

### A. Motions to Dismiss

Madison again asks the Court to dismiss Weinstein's claims based on "clear ongoing serious and willful bad faith by Plaintiff" and "jurisdiction and authority." Dkt. 36 at 1; Dkt. 39 at 1. She again cites the *Brady* doctrine in support of her motions, although the Court has explained that the Brady evidentiary rule applies to prosecutors in criminal cases and is not a valid basis to dismiss this civil case. Dkt. 31 at 2 (citing *Brady v. Maryland*, 373 U.S. 83, 87 (1963)).

Madison offers no cognizable arguments that Weinstein's claims should be dismissed. This Magistrate Judge recommends that the District Court deny her motions to dismiss.

### B. Motions to Continue

In her first motion to continue, Madison asks the Court to continue proceedings until April 2025 so she "can afford to retain an attorney" and the "MLB can complete their investigation." Dkt. 36 at 1. In her second motion, Madison requests a one-year continuance. Dkt. 39 at 1. The Court finds that Madison has not shown good cause for a continuance.

### C. Motion to Strike

Madison asks the Court to "strike all of Plaintiff's complaints and Orders" and alleges misconduct by Weinstein, including that his filings have been filed and served for improper

purposes. Dkt. 36 at 1. Because she offers no support for these allegations, the Court denies the motion to strike.

### D. Motion for Protective Order

Madison asks for an "Order of Protection Against Harassment by Plaintiff," stating that she does not "wish to ever be contacted or harmed by Plaintiff directly again." Dkt. 36 at 2. She alleges that Weinstein is "abusive, harassing, damaging, threatening, and dangerous with his behavior." *Id.* at 2. The Court denies the motion as well because Madison does not support her allegations.

### E. Other Requests

Madison also asks the Court to (1) "Dismiss Plaintiff's Request for an Alternative Dispute Resolution Order," (2) "Order . . . [P]laintiff not to file or serve any further pleadings without leave of Court," and (3) "Order . . . Plaintiff to return [Defendant's] personal Facebook account to [Defendant] . . . and to completely restore the APBPA's legal social media accounts, which have the necessary evidence for this case." Dkt. 36 at 1-3. These requests are **DENIED** as frivolous and meritless.

## II.   Plaintiff's Fee Request

Weinstein asks the Court to order Madison to pay his legal fees incurred in responding to Madison's motions under Rule 11, which provides, in relevant part:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

3

    (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

    (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

(c) Sanctions.

    (1) *In General.* If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. . . .

    (2) *Motion for Sanctions.* A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

The Court **DENIES** the motion for failure to comply with Rule 11(c)(2). While Weinstein requests a fee award in his responses (Dkts. 37 and 40), he does not file a motion for sanctions "separately from any other motion." FED. R. CIV. P. 11(c)(2). Nor does he represent that he provided the required notice to Madison 21 days after serving his motion. *Id.*

Although Weinstein's request is denied, the Court **ADMONISHES** Madison that sanctions including attorney's fees and reasonable expenses may be awarded against unrepresented parties for violations of Rule 11(b).

### III.     Order and Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **DENY** Defendant's Motions to Dismiss (Dkts. 36 and 39).

The Court **ORDERS** that Defendant's Motion to Continue, Motion to Strike Complaint and Orders, and Motion for Protective Order (Dkt. 36) and Motion for 1 year Continuance (Dkt. 39) are **DENIED**.

The Court **FURTHER ORDERS** that this case be removed from this Magistrate Judge's docket and return it to the docket of the Honorable David A. Ezra.

### IV.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on February 10, 2025.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE