UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PETER D. WEINSTEIN, | § | No. 1:23–CV–01534-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| JENNIFER S. MADISON, | § | |
| | § | |
| Defendant | § | |
| | § | |
| | § | |

ORDER (1) ADOPTING REPORT AND RECOMMENDATION; (2) DENYING
DEFENDANT'S MOTIONS TO DISMISS; (3) DENYING DEFENDANT'S
REQUEST FOR MISCELLANEOUS RELIEF; AND (4) DENYING
PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES

Before the Court is the Report and Recommendation of United States

Magistrate Judge Susan Hightower (the "Report") issued on February 10, 2025

(Dkt. # 42), recommending that the Court deny Pro Se Defendant Jennifer

Madison's ("Defendant") motions to dismiss (Dkts. ## 36, 39).  The Court has also

reviewed Defendant's "Motion to Object, Request for Reconsideration and Motion

to Dismiss" (Dkt. # 44), filed on March 13, 2025, which the Court liberally

construes as (1) objections to the Report and Recommendation; (2) a motion for

reconsideration of prior orders; (3) a renewed motion to dismiss; and (4) renewed

requests for miscellaneous relief, such as a protective order, a "gag order" against

1

Plaintiff Peter Weinstein ("Plaintiff"), and $25,000,000 in damages.  Plaintiff filed

a timely response on April 1, 2025.  (Dkt. # 45).

Pursuant to Local Rule CV-7(h), the Court finds this matter suitable

for disposition without a hearing.  After de novo review of the portions of the

Report to which objection has been made, as well as careful consideration of the

record and the governing law, the Court **ADOPTS** the Report in full (Dkt. # 42),

**DENIES** Defendant's Motions to Dismiss (Dkts. ## 36, 39), and **OVERRULES**

and **DENIES** Defendant's Motion to Object, Request for Reconsideration, and

Renewed Motion to Dismiss  (Dkt. # 44).  Further, **IT IS ORDERED** that

Plaintiff's request for attorneys' fees (Dkt. # 45) is **DENIED WITHOUT**

**PREJUDICE**.

BACKGROUND

Plaintiff brings claims for libel and defamation arising from

statements Defendant allegedly made on social media. (Dkt. # 1). Defendant, who

is proceeding *pro se*, has filed numerous duplicative and legally unsupported

motions to dismiss (Dkts. ## 23, 36, 39, 44), all of which rely on arguments

previously rejected by the Court or that are facially without merit.

The motions at issue in the Report include Defendant's second and

third motions to dismiss as well as a request for a continuance of up to one year, a

motion for a protective order and a motion to strike pleadings. (Dkts. # 36, 39) The

Magistrate Judge has previously rejected substantially identical arguments (Dkt.

# 31), and Plaintiff has opposed each of Defendant's filings, characterizing them as

frivolous and abusive of the judicial system (Dkts. ## 37, 40).  Following Judge

Hightower's order denying Defendant's non-dispositive motions and

recommending the Court deny Defendant's motions to dismiss, Defendant filed a

Motion seeking a wide variety of relief.  (See Dkt. # 45.)  In that Motion

Defendant: (1) objects to the Report; (2) requests reconsideration; (3) renews her

request for dismissal based on the Brady doctrine, for a fourth time; and

(4) requests miscellaneous relief, including a "gag order," $25,000,000, and a

protective order.  (See id.)

## LEGAL STANDARD

The Court must conduct a de novo review of any of the Magistrate

Judge's conclusions to which a party has specifically objected.  See 28 U.S.C.

§ 636(b)(1)(C).  The objections must specifically identify those findings or

recommendations that the party wishes to have the district court consider.

Thomas v. Arn, 474 U.S. 140, 151 (1985).  A district court need not consider

"[f]rivolous, conclusive, or general objections."  Battle v. U.S. Parole Comm'n,

834 F.2d 419, 421 (5th Cir. 1987).  "A judge of the court may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the

magistrate judge."  28 U.S.C. § 636(b)(1)(C).

Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Recommendation is clearly erroneous or contrary to law.  United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

## DISCUSSION

I.    Adoption of the Report and Recommendation

Having reviewed the Report and Recommendation, the relevant filings, and the applicable law, the Court finds no error in Judge Hightower's well-reasoned analysis.

As the Magistrate Judge correctly found, Defendant's motions to dismiss (Dkts. ## 36, 39) fail to articulate any cognizable legal basis for dismissal. Defendant once again invokes the Brady doctrine, which applies only in criminal prosecutions and has no relevance to this civil defamation action.  See Brady v. Maryland, 373 U.S. 83, 87 (1963).

Further, the Court finds no clear error in Judge Hightower's denial of Defendant's Motions to Continue, Motion to Strike, Motion for Protective Order, and her other miscellaneous requests for relief.  As Judge Hightower noted, each of these requests is unsupported.  Finally, the Court finds no clear error in Judge Hightower's denial of Plaintiff's requests for sanctions and attorneys' fees included in his responses to Defendant's motions.  As Judge Hightower correctly

noted, Plaintiff failed to comply with the Rule 11(c)(2) requirements that a motion

for sanctions be filed separately and the opposing party be given 21 days' notice.

Accordingly, the Court **ADOPTS** the Report and Recommendation in full.  (Dkt.

# 42.)  The motions to dismiss are **DENIED.**  (Dkts. ## 36, 39.)

II.      Defendant's Objections and Miscellaneous Motions

         The Court liberally construes Defendant's "Motion to Object and

Request for Reconsideration" (Dkt. # 44) as timely objections to the Magistrate

Judge's Report and as an independent request for reconsideration, dismissal, and

miscellaneous relief, including a "gag order," protective order, and $25,000,000 in

damages.  Even affording Defendant the full benefit of her *pro se* status, the filing

raises no new arguments of substance.

         The objections largely repackage prior claims: unsupported medical

assertions, allegations that Plaintiff deleted her social media accounts (which

Plaintiff contends were taken down pursuant to a restraining order in a state case),

and unfounded invocations of First Amendment and criminal law principles

inapplicable here.  (Dkt. # 44).  No facts or law justify reconsideration of any prior

ruling, and no valid basis is offered for dismissal.  Further, Defendant has not

provided grounds for the Court to grant her requests for a protective order, "gag

order," or $25,000,000 in damages.

Accordingly, the Court **OVERRULES** Defendant's objections,

**DENIES** her request for reconsideration, **DENIES** her renewed motion to dismiss,

and **DENIES** her request for miscellaneous relief.  (Dkt. # 44.)

III.    Attorneys' Fees and Warning to Defendant

Plaintiff requests attorneys' fees in his response to Defendant's latest

filing, citing her "abusive and malevolent behavior."  (Dkt. # 45).  While the Court

finds that Defendant has demonstrated a pattern of duplicative and meritless

motions, Plaintiff's requests for sanctions under Rule 11 must be made by a

separately filed motion and must satisfy the safe harbor requirements of Rule

11(c)(2).   Plaintiff has not done so here.

Accordingly, the Court **DENIES** Plaintiff's request for attorneys' fees at this

time, **WITHOUT PREJUDICE.**

However, the Court **ADMONISHES** Defendant and **WARNS** her

that further filings raising previously rejected arguments or seeking identical relief

may result in sanctions, including monetary penalties and filing restrictions, such

as duplicative filings being summarily stricken from the docket and an order by

this Court requiring Defendant to seek leave to file.  See United States v. Moore,

836 F. App'x 309, 310 (5th Cir. 2021); see also Farguson v. MBank Houston, N.A.,

808 F.2d 358, 359 (5th Cir. 1986) (*Pro se* litigants have "no license to harass

6

others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.")

CONCLUSION

For the reasons given, the Court **ADOPTS** U.S. Magistrate Judge Susan Hightower's Report and Recommendation (Dkt. # 42) in full, **DENIES** Defendant's Motions to Dismiss (Dkts. ## 36, 39), and **OVERRULES** and **DENIES** Defendant's Motion to Object, Request for Reconsideration, and Renewed Motion to Dismiss.  (Dkt. # 44.)  Further, **IT IS ORDERED** that Plaintiff's request for attorneys' fees (Dkt. # 45) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

**SIGNED:** Austin, Texas, May 1, 2025.

_____
Hon. David Alan Ezra
Senior U.S. District Judge